IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AIMEE WOODSON,<br><br>　　　Plaintiff,<br><br>v.<br><br>ENCORE ROOFING, INC.<br><br>　　　Defendant. | JURY TRIAL DEMANDED |

**COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Aimee Woodson ("Plaintiff"), by and through undersigned counsel, and hereby files this Complaint for Damages against Defendant Encore Roofing, Inc., ("Encore" or "Defendant") as follows:

## INTRODUCTION

During its employment of Plaintiff, Defendant violated both the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. §2601 et seq. (the "FMLA") and the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 et seq. (the "FLSA"), by terminating Plaintiff for missing time due to a qualifying medical condition and by failing to pay Plaintiff overtime compensation for hours worked in excess of 40 per week.

As a result of Defendant's violations, Plaintiff initiates this suit to recover lost income, lost wages, lost salary, lost employment benefits, unpaid regular wages, unpaid overtime compensation, liquidated damages, attorney's fees, and costs.

## JURISDICTION AND VENUE

1.

This Court has subject matter jurisdiction over the instant action pursuant to 29 U.S.C. §2617, 29 U.S.C. § 216(b), and 28 U.S.C. §1331.

2.

Venue is proper in the U.S. District Court for the Northern District of Georgia, Atlanta Division, under 28 U.S.C. § 1391(b)(1)-(2), and Defendants are subject to this Court's personal jurisdiction, because Defendants are located and do business in this district.

## PARTIES

3.

Defendant Encore Roofing, Inc., is a Georgia corporation, with a principal office address of 1377 Buford Business Blvd., Buford, Georgia 30518.  Defendant

Encore may be served through its registered agent, Jim Brooks Nichols, at 1377 Buford Business Blvd., Buford, Georgia 30518.

4.

Plaintiff Aimee Woodson is an individual and a Georgia resident.

## FACTUAL ALLEGATIONS

5.

Plaintiff began working for Defendant on November 5th, 2019.

6.

During Plaintiff's employment, she was the administrative assistant to Cathy Gray in the service department.

7.

Defendant paid Plaintiff hourly at a rate of $20.00 per hour.

8.

Plaintiff's regular schedule was Monday through Friday 8am-4:30pm. Plaintiff would also sometimes work through lunch, come in early, or leave late.

9.

Defendant paid Plaintiff for 40 hours a week notwithstanding the fact that she often worked more.

10.

In approximately January of 2020, Plaintiff was diagnosed with Multiple Myeloma.  This is a blood cancer that can cause organ failure and other serious symptoms.

11.

Defendant was on notice of Plaintiff's diagnosis.

12.

Like many individuals battling cancer, Plaintiff experienced several complications.  Some complications were expected, while others were not.

13.

On November 3rd, 2020, Plaintiff began experiencing some unexpected and unforeseeable bleeding due to her health condition.

14.

Plaintiff made it known to Cathy Gray that she was leaving work that afternoon due to unexpected bleeding.  Cathy Gray encouraged Plaintiff to take the time she needed to resolve her health issues.

15.

Plaintiff ultimately missed a mere two days, November 3rd and November 4th, 2020, to receive a blood transfusion.

16.

Despite assurances to take the time she needed, on November 5th, 2020, Defendant's employee Cathy Gray terminated Plaintiff.  Cathy told Plaintiff that Plaintiff's "health was causing the service department to suffer."

17.

Defendant's agents told Plaintiff she could not return to Defendant's property to get her personal items and that they would be sent to her.

18.

Subsequent to Plaintiff's termination, Kim Tilton, the company comptroller, sent Plaintiff an email with FMLA paperwork.

## **COUNT I: VIOLATION OF THE FMLA**

19.

Plaintiff realleges and incorporates Paragraphs 1 through 18 of this Complaint, as if fully set forth herein.

20.

As set forth above, Defendant had enough information to indicate Plaintiff would need leave for an FMLA-qualifying reason.

21.

When Defendant sent Plaintiff an email with FMLA paperwork on November 5th, 2020, Defendant acknowledged to Plaintiff that it had enough notice to realize FMLA leave was needed.

22.

Plaintiff worked for Defendant, a covered employer, for at least 1 year and 1,250 hours, thus making Plaintiff eligible for FMLA leave.

23.

Notwithstanding Plaintiff's eligibility, Defendant terminated Plaintiff in violation of the FMLA, thus interfering with, restraining, and denying Plaintiff's right to FMLA leave.

24.

As a result of Defendant's violations of the FMLA, Plaintiff is entitled to damages, including, without limitation, any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation; or in a case in which wages, salary, employment benefits, or other compensation have not been denied or lost, any actual monetary losses sustained by the employee as a

direct result of the violation.  Plaintiff is additionally entitled to liquidated damages, interest, and for such equitable relief as may be appropriate, including employment, reinstatements, and promotion.

### COUNT II:  FLSA VIOLATION (OVERTIME COMPENSATION)

25.

Plaintiff realleges and incorporates Paragraphs 1 through 24 of this Complaint, as if fully set forth herein.

26.

At all times relevant hereto, Plaintiff was a non-exempt employee entitled to overtime compensation for purposes of the FLSA.

27.

During its employment of Plaintiff, Defendant failed to pay Plaintiff overtime compensation for hours worked by Plaintiff in excess of 40 hours per week.

28.

By failing to pay Plaintiff overtime compensation in accordance with § 207 of the FLSA, despite knowledge of Plaintiff's status as a non-exempt employee,

Defendant willfully, intentionally, knowingly, and/or recklessly violated the FLSA, in bad faith.

29.

As a result of Defendant's willful violations of the FLSA's overtime provisions, Plaintiff is entitled to damages, including, without limitation, unpaid overtime compensation, liquidated damages, attorneys' fees, and costs pursuant to § 216 of the FLSA.

### COUNT III:  ATTORNEYS' FEES AND EXPENSES

30.

Plaintiff realleges and incorporates Paragraphs 1 through 29 of this Complaint, as if fully set forth herein.

31.

As set forth above, Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense.

32.

As a result of Defendants' conduct as set forth herein, Defendant should be required to reimburse Plaintiff for the attorneys' fees and costs incurred in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Aimee Woodson prays:

(a) For a trial by jury on all counts so triable;

(b) For entry of a judgment in favor of Plaintiff and against Defendant for all damages and relief allowed by law, including but not limited to actual, punitive, and liquidated damages;

(c) For an award of litigation expenses and costs, including attorneys' fees under the FLSA, and other applicable law; and

(d) That the Court grant Plaintiff such other and further relief as deemed just and proper.

Respectfully submitted this 14th of October, 2021.

**COHAN LAW GROUP, LLC**

*/s/ Louis R. Cohan*
LOUIS R. COHAN
Georgia Bar No. 173357
Emily A. Cohan
Georgia Bar No. 402863

                                      3340 Peachtree Rd. NE  
                                      Tower 100, Suite 2570  
                                      Atlanta, Georgia 30326  
                                      (404) 891-1770 (telephone)  
                                      (404) 891-5094 (facsimile)  
                                      lcohan@cohanlawgroup.com